UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CLAUDIO M. CISNEROS-MENESES,<br>    Plaintiff,<br><br>        v.<br><br>MKSC, LLC<br>d/b/a MIRAGE CAFE,<br>    Defendant. | )<br>)<br>)<br>) Civil Action No. 1:14cv1786<br>)<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiff Claudio M. Cisneros-Meneses' Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs. (Dkt. 10.) After a representative for defendant MKSC, LLC, doing business as Mirage Cafe, failed to respond to plaintiff's Motion or to appear at the hearing before Judge Anderson on April 17, 2015, the undersigned Magistrate Judge took this matter under advisement.[1]

---

[1] The record before the Court includes the Complaint ("Compl") (Dkt. 1), plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs ("Mot. Default J.") (Dkt. 10), the Declaration of Claudio M. Cisneros-Meneses ("Cisneros Decl.") (Dkt. 10-1), the Declaration of Mary Craine Lombardo, Esquire ("Lombardo Decl.") (Dkt. 10-2), plaintiff's Supplemental Submission Regarding Motion for Default Judgment ("Supp. Submission Default J.") (Dkt. 13), and all attachments and exhibits submitted with those filings.

INTRODUCTION

I. Background

Defendant employed plaintiff from March 17, 2010[2] through April 15, 2014 as a food preparer. (Compl. ¶ 9.) During that time, defendant paid plaintiff a straight-time wage of $9 per hour through 2013, and $10 per hour in 2014, regardless of how many hours plaintiff worked each week. (Id. at ¶10.) On December 30, 2014, plaintiff filed suit against defendant alleging overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Id. at 1.) Plaintiff now moves for default judgment against defendant for unpaid overtime wages, liquidated damages, and attorneys' fees and costs. (Mot. Default J. 5, 10.)[3]

II. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a

---

[2] The Complaint alleges that plaintiff was employed beginning March 17, 2012 but the Motion for Default Judgment and the plaintiff's affidavit use March 17, 2010 as the start date. Because the sworn affidavit by plaintiff and Motion are consistent, and the amount of unpaid overtime compensation is consistent across all three documents, the undersigned believes that the Complaint contains a typographical error and defendant was sufficiently on notice throughout this litigation of what relief was sought by plaintiff.

[3] Plaintiff also requests prejudgment interest in both his Complaint and Motion for Default Judgment. However, plaintiff provides no case law or statutory support for why he deserves both prejudgment interest and liquidated damages, when typically the two are considered improperly duplicative relief. See e.g. Kennedy v. A Touch of Patience Shared Housing, Inc., 779 F.Supp.2d 516 (E.D. Va. 2011) (citing Hamilton v. 1st Source Bank, 895 F.2d 159, 166 (4th Cir. 1990)). Therefore, the undersigned did not address the issue of prejudgment interest in this Report and Recommendation.

judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff's allegations concern the FLSA, 29 U.S.C. § 201, *et seq*. Title 28 U.S.C. § 1331 provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. The FLSA provides relief for an action to recover overtime wages, liquidated damages, attorneys' fees, and costs. 29 U.S.C. § 216(b). Therefore, federal question subject matter jurisdiction exists for this action.

This Court has personal jurisdiction over defendant because it is a Virginia corporation with a place of business in Virginia. (Compl. ¶ 4.) Specifically, defendant's place of business where plaintiff was employed, Mirage Cafe, is located in Falls Church, Virginia. (Supp. Submission Default J. 1.)

Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper because the only defendant resides within this district.

### III. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. Federal Rule of Civil Procedure 4(h) describes the method for

3

proper service upon a corporation, partnership, or other unincorporated association, and states that service shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1) or by delivering a copy of the summons and complaint" to an officer or other appropriate agent. Id. at 4(h).

Here, as detailed in plaintiff's Proof of Service, plaintiff's private process server served the summons on defendant's Resident Agent, R&Y Tax Service, LLC. Specifically, on January 14, 2015, the agent served Rashid Boudad, who is designated by law to accept service of process on behalf of defendant MKSC, LLC. (Dkt. 4.) Therefore, service of process was proper.

### IV. Grounds for Default Judgment

Plaintiff filed this action on December 30, 2014. (Dkt. 1.) To date, no defendant has appeared or otherwise participated in these proceedings. On March 19, 2015, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 8.) Plaintiff filed his Motion for Default Judgment on April 1, 2015. (Dkt. 10.) After defendant failed to appear at the hearing on plaintiff's Motion for Default Judgment before Judge Anderson on April 17, 2015, the undersigned took this matter under advisement. (Dkt. 12.)

## FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff established the following facts.

Plaintiff is a resident of Virginia and defendant is a Virginia corporation with a place of business in Falls Church, Virginia. (Compl. ¶¶ 3-4.) At all times relevant to plaintiff's claims, defendant had annual gross volume sales in an amount exceeding $500,000 and employed two or more employees engaged in commerce, working with goods or materials that moved in or were produced in interstate commerce. (Id. at ¶¶ 5, 7.)

Defendant hired Plaintiff as a food preparer in March 17, 2010 and plaintiff worked for defendant until April 15, 2014. (Compl. ¶ 9; Mot. Default J. 5.) Throughout this period, plaintiff worked an average of sixty-five hours a week, but was never compensated at the required overtime rate of one and one half times his regular hourly rate. (Compl. ¶ 10; Mot. Default J. 5.) His hourly rate from March 17, 2010 through December 31, 2013 was $9 per hour and from January 1, 2014 through April 15, 2014 was $10 per hour. (Mot. Default J. 5; Supp. Submission Default J. 2.) Plaintiff worked 131 weeks during this period of time, and worked approximately twenty-five hours of overtime in each of those weeks for which he was only compensated at straight time. (Supp. Submission Default J. 2.) Plaintiff

5

therefore was not paid the remaining half rate of his regular hourly rate for the unpaid overtime rates, a total of $14,925.00.[4] (Id.)

## EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

Plaintiff moves for the Court to grant default judgment pursuant to his allegations of defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* in the amount of $14,800 for unpaid overtime wages, $14,800 in liquidated damages, costs, and attorneys' fees.

In order to establish a violation of the FLSA for non-payment of overtime wages, a plaintiff must show that (1) she was employed by the defendant; (2) plaintiff was engaged in interstate commerce or in the production of interstate commerce;

---

[4] Although not thoroughly explained in any of filings, this number appears to have been calculated as follows: 116 weeks x 25 hours of unpaid overtime x $4.50 (unpaid half rate for overtime through December 2013) added to 15 weeks x 25 hours of unpaid overtime x $5.00 (unpaid half rate for overtime in 2014).

(3) plaintiff worked over 40 hours per work week; (4) plaintiff was not compensated at a rate of one and one half times her regular rate for each hour worked in excess of 40 hours per work week; and, (5) none of the exemptions in 29 U.S.C. § 213 applied to plaintiff's position. 29 U.S.C. § 207; Davis v. Food Lion, 792 F.2d 1274, 1276-77 (4th Cir. 1986). Here, the Complaint sets forth each element of this claim.

First, plaintiff was employed by defendant. The FLSA defines "employer" to "include any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Defendant hired plaintiff as a food preparer in its restaurant located in Falls Church, Virginia, from March 2010 through April 2014. (Compl. ¶ 9; Supp. Submission Default J. 1.) Defendant paid plaintiff $9 and then $10 per hour for his work. (Compl. ¶ 10; Mot. Default J. 5.) Therefore, plaintiff alleged facts sufficient to satisfy the first element of an overtime claim under the FLSA.

Second, the Complaint shows that plaintiff was engaged in interstate commerce or in the production of interstate commerce. Pursuant to the FLSA, an employee who works for an "enterprise engaged in commerce or the production of good for commerce" is an employee covered by the Act regardless of his actual work duties. Russell v. Cont'l Rest., Inc., 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s)(1)(A)). An "enterprise

7

engaged in commerce or in the production of commerce" is defined as one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produce for commerce by any person and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excises of taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A). Here, plaintiff worked for defendant's business. Defendant negotiates and purchases from producers and suppliers who operate in interstate commerce, and serves customers in interstate commerce. (Compl. ¶ 7.) Furthermore, the gross annual business volume of defendant exceeded $500,000 at all times relevant to this action. (Id. at ¶ 5.) Therefore, plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

Third, plaintiff shows that he worked over forty hours per week for 131 weeks during the time period for which he was employed. Plaintiff worked sixty-five hours per week during his time of employment with defendant, but was only paid straight time for those twenty-five hours of overtime.[5] (Cisneros Decl.

---

[5] The FLSA requires the employer to keep certain records of hours worked and wages paid. 29 U.S.C. § 211(c). Where the employer fails to keep adequate records, the employee enjoys a lenient burden of proof. Anderson v. Mt. Clemens Potter Co., 328 U.S. 680 (1946). As the Supreme Court held in Anderson,

8

¶ 2; Supp. Submission Default J. 2.)  Plaintiff submitted a sworn affidavit in support of that evidence; therefore, he adequately demonstrated facts to support this element of his claim.

Fourth, plaintiff shows that he was not compensated at a rate of one and one half times his regular rate for each hour worked in excess of forty hours for each work week.  Plaintiff worked, on average, sixty-five hours per week while employed with defendant.  (Compl. ¶ 10.)  Plaintiff represents in his sworn affidavit that he was paid his hourly rate (either $9 or $10) per hour, regardless of how many hours he worked.  (Cisneros Decl. ¶ 2.)  Therefore, this element is satisfied.

Fifth, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff.  Therefore, plaintiff appears to be a covered employee entitled

---

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produced sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer. . . .  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. . . .  It is enough under these circumstances if there is a reasonable inference as to the extent of the damages.

328 U.S. at 687-88.  Furthermore, an employee's affidavit about her recollection of the hours she worked and the pay she received, if deemed credible by the court, may be a basis for the court to award damages.  See, e.g., Lopez v. Lawns 'R' Us, Civ. No. DKC 07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed.").

9

to payment of overtime wages. See Darveau v. Detecon, Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exemption.").

## REQUESTED RELIEF

Plaintiff requests that the Court (1) grant default judgment against defendant in the amount of $14,800.00, plus an equal amount in liquidated damages; and, (2) award costs and reasonable attorney's fees. (Mot. Default J. 5.)

The FLSA provides that "[a]ny employer who violates [the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overpaid compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Pursuant to the FLSA, all hours past 40 worked in any given week must be compensated at a rate of "not less than one and one-half times the regular rate[.]" 29 U.S.C. § 207(a)(1).

Here, defendant paid plaintiff a wage of $9 from October 11, 2011 to December 31, 2013 and $10 per hour from January 1, 2014 to April 15, 2014, regardless of the number of hours that he worked in a given week. (Supp. Submission Default J. 2). Accordingly, for the entire period of her employment with defendant, plaintiff is owed X, calculated as (1/2) x ($9) x (116 weeks at that rate) + (1/2) x ($10) x (15 weeks at that

10

rate), in unpaid overtime wages.

In FLSA cases, employees routinely are awarded an amount of liquidated damages equal to unpaid wages. 29 U.S.C. § 216(b); Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113, 1118 (4th Cir. 1985). An employer may attempt to show that the violation of the FLSA was in good faith in an effort to avoid payment of the liquidated amount. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of the FLSA. Accordingly, an award of liquidated damages equal to the unpaid wages is appropriate.

For these reasons, the undersigned recommends that default judgment be entered against defendant MKSC, LLC doing business as Mirage Café, in the amount of $29,600, comprised of $14,800 in unpaid overtime wages and $14,800 in liquidated damages under the FLSA.

The FLSA also provides for the mandatory award of attorney's fees and costs of action. 29 U.S.C. § 216(b) ("The Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In support of his request for attorney's fees and costs, plaintiff submitted the Declaration of Mary Craine Lombardo, Esquire. (Dkt. 10-2.) Plaintiff seeks $3,293.50 in attorney's fees, comprised of 0.2 hours by a legal assistant at a rate of

11

$120.00 per hour, 0.4 hours by a paralegal at a rate of $150.00 per hour, 1 hour by a paralegal at a rate of $160.00 per hour, 3.1 hours by attorney Jonathan Lieberman at a rate of $395.00 per hour, 1.2 hours by attorney Jonathan Lieberman at a rate of $420.00 per hour, 0.9 hours by attorney Mary C. Lombardo at a rate of $395.00 per hour, 0.9 hours by attorney Mary C. Lombardo at a rate of $420.00 per hour, 0.9 hours by attorney Eduardo Garcia at a rate of $225.00 per hour, and 1.4 hours by attorney Eduardo Garcia at a rate of $275.00 per hour. (Id.) Plaintiff also seeks costs in the amount of $403.19.

The undersigned has reviewed Ms. Lombardo's affidavit and finds that these amounts are reasonable and necessary to effectuate relief under the FLSA. Thus, the undersigned recommends a finding that plaintiff be awarded $3,293.50 in attorney's fees and $403.19 in costs.

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Claudio M. Cisneros-Meneses against defendant MKSC, LLC, doing business as Mirage Café, in the amount of $33,296.69, consisting of $14,800 in unpaid overtime wages; $14,800 in liquidated damages; $3,293.50 in attorney's fees; and, $403.19 in costs.

NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

    MKSC, LLC d/b/a MIRAGE CAFÉ
    5916 Leesburg Pike
    Falls Church, Virginia 22041

    MKSC, LLC d/b/a MIRAGE CAFÉ
    Resident Agent
    R&Y Tax Service, LLC
    5134 Leesburg Pike, Suite 100
    Alexandria, Virginia 22302

                                         /s/
                          Theresa Carroll Buchanan
                          United States Magistrate Judge
                          THERESA CARROLL BUCHANAN
                          UNITED STATES MAGISTRATE JUDGE

July 23, 2015
Alexandria, Virginia